Katuwal v. Wilkinson

BIA
Thompson, IJ
A205 818 931

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-one.

PRESENT:
        DEBRA ANN LIVINGSTON,
            *Chief Judge,*
        SUSAN L. CARNEY,
        RICHARD J. SULLIVAN,
            *Circuit Judges.*

_____

BIMALA KATUWAL,
       *Petitioner,*

       v.                   18-2253
                                NAC

ROBERT M. WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
       *Respondent.**

_____

FOR PETITIONER:        Dilli Raj Bhatta, Bhatta Law & Associates, New York, NY.

---

\* Pursuant to Fed R. App. P. 43(c)(2), Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen.

**FOR RESPONDENT:** [VACANT], Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bimala Katuwal, a native and citizen of Nepal, seeks review of a July 6, 2018 decision of the BIA affirming an August 29, 2017 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bimala Katuwal,* No. A 205 818 931 (B.I.A. July 6, 2018), *aff'g* No. A 205 818 931 (Immig. Ct. N.Y.C. Aug. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the IJ as modified by the BIA under the substantial evidence standard. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005) ("We uphold the factual findings of the BIA or IJ so long as they

2

are supported by substantial evidence in the record, and, in applying the substantial evidence standard, we afford particular deference to credibility findings." (internal citations omitted)); *see also Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

To establish eligibility for asylum, Katuwal was required to show that she suffered past persecution, or that she has a well-founded fear of future persecution, on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). When a petitioner establishes past persecution, there is a presumption of a well-founded fear of future persecution on the basis of the petitioner's original claim. 8 C.F.R. § 1208.13(b)(1). This presumption may be rebutted if it "is found by a preponderance of the evidence" that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i); *see also Lecaj*, 616 F.3d at 115. Here, the agency reasonably concluded that, even though Katuwal was credible and had suffered past persecution, any presumption of a well-founded fear of future

3

persecution had been rebutted by changed conditions in Nepal.

The agency considered the State Department's Human Rights Reports on Nepal as well as Katuwal's circumstances and reasonably found as follows. In 2006, Maoists kidnapped Katuwal. That same year, the 10-year armed conflict between the Maoist insurgency and the government of Nepal ended when Maoists signed a peace accord and joined the government. The 2013 elections were fair and free of irregularities. By 2015, the government had promulgated a constitution.

A comparison of the State Department's Human Rights Reports for 2011, which was when Katuwal was last attacked by Maoists, and 2015, shows the extent to which conditions have improved. The 2011 report states that Maoists committed acts of violence and extortion throughout the year, although the number of such incidents was on the decline. By comparison, the 2015 report does not report that Maoists committed any such acts during the year. Therefore, the country conditions evidence supports the agency's finding that there has been a fundamental change in circumstances since the Maoists assaulted Katuwal in 2011. *See Lecaj*, 616 F.3d at 115–16.

Accordingly, the agency did not err in concluding that circumstances in Nepal had fundamentally changed such that Katuwal does not have a well-founded fear of political persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 116–19. Because Katuwal does not have a well-founded fear of persecution, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.† *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

† The BIA and Government incorrectly contend that Katuwal waived CAT relief on appeal to the BIA. The IJ denied CAT relief because Katuwal failed to satisfy the higher burden for proving a well-founded fear of persecution and thus Katuwal's challenge to the IJ's well-founded fear determination on appeal to the BIA necessarily included a challenge to the denial of CAT relief.